IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

AUBREY CHAPMAN                                                                PLAINTIFF

vs.                                    No. 6:20-cv-6057-SOH

DANFOSS, LLC                                                                  DEFENDANT

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Aubrey Chapman ("Plaintiff"), by and through his attorneys Stacy Gibson and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint against Defendant Danfoss, LLC ("Defendant"), he does hereby state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiff against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2. Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendant's policy and practice of failing to pay Plaintiff sufficient overtime wages under the FLSA and under the AMWA within the applicable statutory limitations period.

3. Upon information and belief, within the three years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II.   JURISDICTION AND VENUE

4. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as his FLSA claims. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. Defendant conducts business within the State of Arkansas.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

8. Plaintiff was employed at Defendant's business in the Hot Springs Division of the Western District of Arkansas. Therefore, the acts alleged in this Complaint had their principal effect within the Western District, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

10. Plaintiff is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

11. Defendant is a foreign limited liability company.

12. Defendant's registered agent for service is C T Corporation System, at 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72211.

13. Defendant maintains a website at https://www.danfoss.com/en-us/.

## IV.    FACTUAL ALLEGATIONS

14.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

15.    Defendant primarily provides engineering services, specifically in the areas of developing and manufacturing district heating and cooling, power modules, centrifugal and reciprocating compressors, refrigeration and air conditioning, motors, and other related products.

16.    During the relevant time, Defendant had at least two (2) employees who engaged in interstate commerce or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

17.    Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Original Complaint.

18.    Defendant was, at all times relevant hereto, Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

19.    Defendant has locations around the world, including Arkadelphia where Plaintiff was employed.

20.    Defendant employed Plaintiff from June of 2015 to the present, although he has not worked since April of 2019.

21.    In 2017, Defendant promoted Plaintiff to Associate Process Engineer and began paying him a salary.

22. At all relevant times herein, Defendant directly hired Plaintiff to work in its facilities, paid him wages and benefits, controlled his work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

23. At all times material hereto, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA and the AMWA.

24. As an Associate Process Engineer, Plaintiff was responsible for training other employees on new processes and designing units for production.

25. Plaintiff did not have the authority to hire or fire any other employee.

26. Plaintiff was not asked to provide input as to which employees should be hired or fired.

27. Plaintiff did not exercise independent judgment as to matters of significance in carrying out his duties.

28. Plaintiff does not have a terminal degree in engineering or any other field of study.

29. Plaintiff regularly worked more than forty (40) hours per week during the relevant time period.

30. Defendants did not pay Plaintiff one and one-half (1.5) his regular rate for hours worked over forty (40) in a week.

31. At all relevant times herein, Defendants have deprived Plaintiff of sufficient overtime compensation for all of the hours he worked over forty (40) per week.

32. Defendants knew or showed reckless disregard for whether their actions violated the FLSA and the AMWA.

## VI. FIRST CAUSE OF ACTION
### (Claim for Violation of the FLSA)

33. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

34. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

35. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

36. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

37. 29 U.S.C. §§ 206 and 207 require employers to pay employees a minimum wage for all hours worked up to forty (40) in one week and overtime wages of one and one-half times the regular rate of pay for all hours worked over forty (40) in one week unless the employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

38. During the period relevant to this lawsuit, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

39. Despite the entitlement of Plaintiff to lawful overtime wages under the FLSA, Defendant failed to pay Plaintiff lawful overtime wages for all hours worked over forty (40) in each one-week period.

40. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

41. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable

attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

### VII.  SECOND CAUSE OF ACTION
### (Claim for Violation of the AMWA)

42. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

43. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*

44. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

45. Sections 210 and 211 require employers to pay employees a minimum wage for all hours worked up to forty (40) and to pay one and one-half times regular wages for all hours worked over forty (40) in a week unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

46. Despite the entitlement of Plaintiff to lawful overtime wages under the AMWA, Defendant failed to pay Plaintiffs lawful overtime wages for all hours worked over forty (40) in each one-week period.

47. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

48. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint, pursuant to Ark. Code Ann. § 11-4-218.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Aubrey Chapman respectfully prays that Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. A declaratory judgment that Defendant's practices alleged herein violated the FLSA, the AMWA, and their relating regulations;

B. Judgment for damages for all unpaid overtime wages pursuant to the FLSA, the AMWA, and their relating regulations;

C. Judgment for liquidated damages pursuant to the FLSA, the AMWA, and their relating regulations;

D. An order directing Defendant to pay Plaintiff prejudgment interest, a reasonable attorneys' fee, and all costs connected with this action; and

E. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF AUBREY CHAPMAN**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

/s/ Stacy Gibson
Stacy Gibson
Ark. Bar No. 2014171
stacy@sanfordlawfirm.com

/s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com